UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM R. CUNNINGHAM and CUNNINGHAM ELECTRONICS CORPORATION, <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> POSNET SERVICES, LLC, <br><br> Defendant/Counterplaintiff, <br><br> and <br><br> MARK SMITH, <br><br> Defendant. | Case No. 05-cv-4191-JPG |
| POSNET SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. CUNNINGHAM and CUNNINGHAM ELECTRONICS CORPORATION, <br><br> Defendants. | Consolidated with <br> Case No. 06-cv-4033-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 128) of Magistrate Donald G. Wilkerson recommending that the Court deny the motion to reinstate this case filed by plaintiffs/counterdefendants William R. Cunningham ("Cunningham") and Cunningham Electronics Corporation ("CEC") (Doc. 116), grant the motion to enforce the settlement agreement and its supplement filed by defendant Mark Smith ("Smith") (Docs. 120 & 123), deny the motion to strike filed by defendant/counterplaintiff

POSnet Services, LLC's ("POSnet") (Doc. 124), deny as moot the motion to join the motion to strike (Doc. 125) and order enforcement of the settlement agreement.[1]

I.  **Report and Recommendation Review Standard**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

II.  **Background**

The Court has fully set forth the crux of the main disputes in this case in prior orders and need not do so again here. The matter at hand is collateral to the issues in the pleadings, for it stems from an August 7, 2007, written agreement to settle those disputes ("Memorandum of Settlement"). The settlement was contingent on the successful test of the defendants' software that they were obliged to license to the plaintiffs. The Memorandum of Settlement contained the following statement:

> The Settlement Agreement shall be contingent upon the verification by Matra [*sic*] and Arroway (or another third-party acceptable to the parties) that: (a) the Software accepts CPG Manufacturer offer details in to a central repository and is sent electronically to the retailer store locations; (b) the Software communicates with the Redemption Engine that triggers discounts to consumers by validating that UPC's associated with promoted products have been purchased; (c) the communications described in 7(b) above occur in commercially reasonable time frames; and (d) the Software eliminates the need for CEC to provide an in-store processor at retail store locations to maintain a coupon offer registry.

---

[1] For simplicity's sake, throughout this order, the Court will refer to Cunningham and CEC simply as the plaintiffs and POSnet and Smith simply as the defendants.

Memorandum of Settlement Ex. A, Terms of License, ¶ 7.

In light of the settlement agreement, on August 13, 2007, the Court entered an order giving the parties 60 days to consummate the settlement before the Court would dismiss the case with prejudice (Doc. 115). A month and a half after the Court entered its order, Cunningham and CEC moved to reinstate the case on the grounds that the software testing had not yet occurred and might not before the 60-day period expired and because they had some nebulous "concerns" about the defendants' truthfulness in the settlement process (Doc. 116). POSnet responded that the motion is unsupported by any reason to reinstate the case and should therefore be denied (Doc. 118).

Defendant Smith, for his part, filed a motion to enforce the August 7, 2007, settlement agreement (Doc. 120). The motion noted that, at that point, the parties had scheduled the software test for October 8, 2007, and the test was the only remaining obstacle to consummating the settlement. The software test, indeed, occurred on October 8, 2007.

The day after the software test, on October 9, 2007, Cunningham and CEC filed a reply brief in support of their motion to reinstate the case (Doc. 121) and a response to Smith's motion to enforce the settlement agreement (Doc. 122). Attached to the reply and response was an affidavit of John Bigler ("Bigler"), a CEC officer, stating that the software test was unsuccessful and implying that the MATRA observer of the test was not qualified to evaluate the test. The reply and response also noted that a third party's software was used during the software test and was required to make POSnet's software function properly.

About 30 minutes after the plaintiffs filed their reply and response briefs, Smith filed a supplement to his motion to enforce the settlement agreement (Doc. 123). The supplement

attached a declaration from the MATRA software test observer certifying that the software satisfied the requirements of ¶ 7 of the Terms of License. It also attached a pre-test e-mail from Bigler stating that the plaintiffs were not going to have Arroway present at the software test.

On October 12, 2007, POSnet responded to Smith's supplement and moved to strike Bigler's affidavit (Doc. 124). The filing pointed out that the software license was to be granted "as is" if the software satisfied the conditions of ¶ 7 of the Terms of License. It also asks the Court to strike Bigler's affidavit as irrelevant. Smith has asked the Court to join POSnet's motion to strike Bigler's affidavit (Doc. 123).

On October 22, 2007, Cunningham and CEC filed a response to Smith's supplement to his motion to enforce the settlement agreement (Doc. 126) complaining that the MATRA declaration was not sworn under penalty of perjury and reiterating its prior arguments in opposition to settlement enforcement. In response, the defendants have submitted a duplicate MATRA declaration made under penalty of perjury (Doc. 127).

## III.  The Report and Objections

On November 6, 2007, Magistrate Judge Wilkerson issued the Report. The Report finds that the dispute among the parties focused on whether ¶ 7 of the Terms of License had been satisfied. It further finds that Bigler's declaration is irrelevant because the Memorandum of Settlement is not contingent on his assessment of whether the software test was successful, that the plaintiffs waived their right to have Arroway present at the software test, that the MATRA observer has certified that the conditions in ¶ 7 have been met, that there are no grounds for rescinding the contract because of the need for an additional license to make the software functional and that the Court should enforce the contract.

No party objects to the Report's statement of the relevant law, finding that a binding and

unambiguous settlement agreement exists and finding that ¶ 7 of the Terms of License has been satisfied. Finding those parts of the Report not to be clearly erroneous, the Court will adopt them. The Court will review the remaining issues *de novo*.

Cunningham and CEC object to the Report's finding that Bigler's affidavit is irrelevant. They argue that Bigler's affidavit is relevant to demonstrate the defendants' failure to comply with paragraphs 1, 2 and 5 of the Terms of License, also preconditions to settlement. They cite these failures as additional reasons to reinstate the case and deny settlement enforcement.

As a preliminary matter, the Court finds that Cunningham and CEC have waived their arguments that the defendants have not complied with ¶¶ 1, 2 and 5 of the Terms of License (1) by not raising them in their pre-Report briefing and (2) to the extent they mentioned them in passing in prior filings, by not developing or supporting them. Ordinarily, arguments raised for the first time in an objection are waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *Divane v. Krull Electric Co.*, 194 F.3d 845, 849 (7th Cir. 1999). Furthermore, perfunctory, underdeveloped and unsupported arguments are waived. *See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000). The plaintiffs' objection is the first time they have developed and supported the argument that the defendants have not complied with anything other than ¶ 7 of the Terms of License. The plaintiffs are sophisticated parties and should have raised and developed their arguments in a timely manner. Thus, those arguments are waived.

Even if the arguments had not been waived, the Court would reject them.

*Paragraph 5 of the Terms of License:* That provision states, "'Software' means the software which has been developed by POSnet as enhanced by Priva which [performs certain functions]." Memorandum of Settlement Ex. A, Terms of License, ¶ 5. The Court is hard-

pressed to see how a definition provision can be violated. This provision clarifies that the software covered by the settlement agreement is the software developed by POSnet and enhanced by Priva. It makes no representations that POSnet or Priva will develop *all* the software necessary for the plaintiffs to use POSnet's software in their desired application or that the software POSnet and Priva develop will complete *all* the functions desired by the plaintiffs. In fact, the settlement agreement disclaims any such representation by stating, "The licenses granted by POSnet/Priva are without representation or warranty of any kind and the Software is to be delivered 'as is.'" Memorandum of Settlement Ex. A, Terms of License, ¶ 6. Rightly or wrongly, the MATRA observer has verified that the "Software" performs the appropriate functions, and the plaintiffs have waived their chance to have a second opinion from Arroway.

*Paragraph 2 of the Terms of License:* That provision states, "POSnet/Priva will deliver the Software to CEC in both object code and source code formats and appropriate existing documentation." Memorandum of Settlement Ex. A, Terms of License, ¶ 2. Again, reference to the "Software" is to the software developed by POSnet and enhanced by Priva, not to all the software necessary for the functions Cunningham and CEC wish to perform. POSnet and Priva are ready to deliver their software – the "Software" referenced in paragraph 5 of the Terms of License – if they have not already done so, and have no obligation under the settlement agreement to provide object code and source code formats or documentation for anything else.

*Paragraph 1 of the Terms of License:* That provision states, "POSnet/Priva will grant to CEC a royalty-free, perpetual, exclusive, limited license to: (a) use the 'Software' . . .solely in connection with CEC Coupon Terminals for redemption of paper coupons . . . ." Memorandum of Settlement Ex. A, Terms of License, ¶ 1. That the software test did not demonstrate the use of the software in connection with the coupon terminals is irrelevant to whether this provision has

been satisfied. This provision mandates the granting of a license, not a guarantee that the product licensed will perform in a certain way. Again, all such representations or warranties were disclaimed in paragraph 6 of the Terms of License.

For these reasons, the Court will reject the plaintiffs' objections.

The defendants have filed a conditional objection to the Court's consideration of the substance of Bigler's affidavit (Doc. 130). The Court is well able to ignore statements in the affidavit that are inadmissible because they are irrelevant, hearsay, legal conclusions not properly set forth in an affidavit, or any other reason. There is no need to strike the affidavit.

For the foregoing reasons, the Court will adopt the Report as supplemented by this order and will enforce the Memorandum of Settlement in this case.

## IV. Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 128) as **SUPPLEMENTED** by this order;

- **DENIES** the plaintiffs' motion to reinstate this case (Doc.116);

- **GRANTS** Smith's motion to enforce the settlement agreement and its supplement (Docs. 120 & 123);

- **DENIES** POSnet's motion to strike (Doc. 124);

- **DENIES as moot** Smith's motion to join the motion to strike (Doc. 125);

- **ORDERS** that all activities contemplated in the Memorandum of Settlement be accomplished on or before April 21, 2008, including the payment of amounts past due under ¶ 4 of the Memorandum of Settlement;

- **WARNS** the parties that they will be subject to contempt of Court should they fail to consummate the settlement on or before April 21, 2008. The Court retains jurisdiction to conduct contempt proceedings. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990);

- **DIRECTS** the Clerk of Court to enter judgment on April 22, 2008, dismissing the

remaining claims in this case **with prejudice** regardless of whether the settlement has been consummated;

- **WARNS** the plaintiffs that the Court may award attorney's fees and costs to the defendants under Federal Rule of Civil Procedure 11 or the Court's inherent authority to manage proceedings before it, or under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings if the plaintiffs persist in their efforts to escape their obligations under the Memorandum of Settlement. It is time to be done with this case.

**IT IS SO ORDERED.**
**DATED: April 1, 2008**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**